# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| BERNICE CRAWFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KNOXVILLE HEALTH CARE CENTER, L.P., )<br>)<br>Defendant. ) | No. 3:09-cv-310<br>(Phillips) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion for Partial Summary Judgment [Doc. 18] and defendant's Motion to Strike [Doc. 25]. Plaintiff has sued her former employer, the Knoxville Health Care Center, L.P, for employment discrimination. Plaintiff alleges that she was fired based on her age, race, and disability, in violation of: (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq*; (2) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*; and (3) the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant has moved to dismiss plaintiff's Title VII, ADEA, and ADA claims. As a condition precedent to filing employment discrimination claims under Title VII, the ADEA, and the ADA, plaintiffs must file a "Charge of Discrimination" ("Charge") with the Equal Employment Opportunity Commission ("EEOC") within 300 days after the alleged unlawful employment practice. Plaintiff did not file her Charge within the 300-day deadline. The issue before the Court is a narrow one: is equitable tolling appropriate in this case?

1

For the following reasons, defendant's Motion for Partial Summary Judgment [Doc. 18] is **GRANTED, whereby plaintiff's employment discrimination claims filed under Title VII, the ADEA, and the ADA are DISMISSED**. Having dismissed those claims, defendant's Motion to Strike [Doc. 25] is **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff alleges that she was fired on July 15, 2008, on the basis of her race, age, and disability, in violation of: (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq*; (2) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*; and (3) the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Defendant has moved for summary judgment on those claims, arguing that plaintiff did not file them timely.

As a condition precedent to filing employment discrimination claims under Title VII, the ADEA, and the ADA, plaintiffs must file a Charge with the EEOC within 300 days after the alleged unlawful employment practice. *See* Amini v. Oberlin College, 259 F.3d 493, 498 (6th Cir. 2001). Plaintiff was fired on June 15, 2008, but she did not file a Charge until May 31, 2009- well past the deadline. Accordingly, plaintiff's claims under Title VII, the ADEA, and the ADA are dismissed, unless the Court determines that equitable tolling is appropriate. Id.

## II. ANALYSIS

### A. Plaintiff Did Not File A Charge Within the 300-Day Deadline

To recover under Title VII, the ADEA, and the ADA, a plaintiff must file a Charge with the EEOC within 180 or 300 days of the alleged unlawful employment practice. *See* Amini, 259 F.3d at 498; Williams v. Northwest Airlines, Inc., 53 Fed.App'x 350, 352 (6th Cir. 2002) (holding that "[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADA action," and that the "exhaustion of administrative remedies is a condition precedent

to a Title VII or ADA action.") (internal citations omitted); Weigel v. Baptist Hosp. of East Tennessee, 302 F.3d 367, 375-76 (6th Cir. 2002) (holding that "[i]n Tennessee, which has state laws prohibiting age discrimination, a plaintiff's ADEA claim will be dismissed as untimely if the plaintiff fails to file a charge within 300 days of the discriminatory action," and that the filing period is "subject to equitable modification.") (citations and quotations omitted). Tennessee is a "deferral state," which means that the Charge must be filed within 300 days of the alleged unlawful employment practice. *See* Tartt v. City of Clarksville, 149 Fed.App'x 456, 460 (6th Cir. 2005) (holding that "Tennessee is a 'deferral state' for purposes of the federal discrimination statutes" and that a plaintiff's EEOC charge must be filed "within 300 days of the alleged discrimination") (citations omitted).

As the Court of Appeals for the Sixth Circuit has explained, the "starting date for the 300-day limitations period is when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatorily motivated." Amini, 259 F.3d at 499. During a telephone conversation on July 14, 2008, plaintiff was informed by a supervisor that she was going to be fired. [Plaintiff's Memorandum in Support of Response to Defendant's Motion for Partial Summary Judgment, Doc. 16 at 3]. On July 15, 2008, defendant was officially terminated. [Id.]. The clock started on July 15, 2008, because that is when plaintiff learned "of the employment decision itself . . ." Amini, 259 F.3d at 499. Plaintiff did not file a Charge until May 31, 2009- well past the 300-day deadline.

### B. Equitable Tolling Is Not Appropriate

As the Court of Appeals for the Sixth Circuit has explained, the administrative requirement of filing an EEOC Charge is a precondition "that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Truitt v. County of Wayne, 148 F.3d 644, 646 (6th Cir. 1998)

3

(citations omitted). However, the Court of Appeals has warned that courts should "sparingly bestow equitable tolling." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Id. (citations omitted).

To determine whether equitable tolling is appropriate, courts consider the following factors:

(1) lack of notice of the filing requirement;

(2) lack of constructive knowledge of the filing requirement;

(3) diligence in pursuing one's rights;

(4) absence of prejudice to the defendant; and

(5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

Truitt, 148 F.3d at 648. Plaintiff argues that equitable tolling is appropriate because (1) she lacked actual or constructive knowledge of the filing deadline; and (2) she was reasonably diligent in pursuing her claims. However, none of the factors weigh in favor of granting equitable tolling.

As for her first argument, plaintiff claims that she lacked actual or constructive knowledge of the deadline because she was preoccupied with a workers' compensation claim:

> Plaintiff Crawford did have an attorney who represented her in her workers' compensation lawsuit. However, possible Title VII, ADEA, and ADA claims were not discussed because Plaintiff Crawford was so concerned and involved with her workers' compensation claim.

[Doc. 16 at 9]. However, it is unlikely that plaintiff lacked "constructive" knowledge of the filing requirement, given the presence of legal counsel. Although her attorney was hired for a workers' compensation claim, it is reasonable to assume that they discussed possible discrimination claims.

Moreover, even if plaintiff lacked constructive or actual knowledge of the deadline, it was

4

not "reasonable" for plaintiff to remain ignorant of this requirement. In an attempt to deflect responsibility, plaintiff argues that it was the duty of her employer to inform of her rights to sue under Title VII, the ADEA, and the ADA:

> It might be one thing if Plaintiff Crawford had some notice of the filing deadline. However, Plaintiff Crawford lacked notice because of her substantial involvement pursuing her workers' compensation claim and her unemployment benefits. Furthermore, her involvement in pursuing both claims was caused by Defendant NHC's staunch denial of such benefits.

[Doc. 16 at 10]. While employers may not engage in active misrepresentation regarding legal options, *see* Leake v. University of Cincinnati, 605 F.2d 255, 259 (6th Cir. 1979), it was plaintiff's responsibility to seek legal advice. As long as the employer did not engage in misconduct, or otherwise interfere with plaintiff's ability to file suit, it was not reasonable for plaintiff to remain ignorant of the filing deadline. This is especially true considering that plaintiff had counsel.

Plaintiff does not rely upon facts that have traditionally supported equitable tolling. *See* Carlie v. South Routt Sch. Dist., 652 F.2d 981, 985 (10th Cir. 1981) (misleading statements by the employer might support equitable tolling); Leake, 605 F.2d at 259 ("affirmative misconduct" by the employer might support equitable tolling). Notably, plaintiff does not allege that defendant engaged in misconduct. *See* Amini, 259 F.3d at 501 ("We first note that, unlike most cases in which equitable tolling relief is granted, in this case, Amini [the plaintiff] has not alleged that Oberlin [the defendant] engaged in any misrepresentations or other wrongdoing that caused him to miss his filing deadline, nor does he claim that Oberlin attempted to prevent him from discovering who had been hired for the faculty position.").

In conclusion, the Court finds that equitable tolling is not appropriate. As the Court of Appeals for the Sixth Circuit has made clear, "One theme that runs throughout these cases is that equitable tolling is to be carefully applied." Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988). For

the foregoing reasons, defendant's Motion for Partial Summary Judgment [Doc. 18] is **GRANTED**, whereby plaintiff's claims under Title VII, the ADEA, and the ADA are **DISMISSED**.

### III. CONCLUSION

For the foregoing reasons, defendant's Motion for Partial Summary Judgment [Doc. 18] is **GRANTED**, **whereby plaintiff's employment discrimination claims filed under Title VII, the ADEA, and the ADA are DISMISSED**. Having dismissed those claims, defendant's Motion to Strike [Doc. 25] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge